Filed 8/24/15  P. v. Scott CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063237 |
| v. | (Super.Ct.No. FVA901980) |
| TERRENCE SCOTT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Terrence Scott is serving nine years in prison after pleading guilty to second degree robbery and admitting a felony prior that was both a strike prior and a serious felony prior.  Defendant appeals from the trial court's denial of his petition for recall of sentence under Proposition 47.  We affirm.

1

On December 3, 2009, defendant was a passenger in a car that pulled up alongside a student walking home from high school. Defendant told the student to hand over his cellular telephone. The student initially refused, but gave up the phone when defendant lifted up his shirt to reveal the handle of a black handgun in his waistband and said he would shoot or kill the student.

On April 16, 2010, defendant pled guilty to second degree robbery (Pen. Code, § 211)[1] and admitted a prior robbery conviction from 2008 that qualified as both a strike prior (§§ 667, subds. (b)-(i) and 1170.12, subds. (a)-(d)) and a serious felony prior (§ 667, subd. (a)(1)).

On August 6, 2010, the trial court heard and denied defendant's motion to withdraw his plea and sentenced him as agreed to the low term of two years, doubled for the strike prior, plus five years consecutive for the serious felony prior, for a total of nine years.

Defendant appealed, and this court affirmed the judgment in case number E055214.

On February 10, 2015, defendant filed a pro se petition for writ of habeas corpus asking for "re-sentenced under Prop 47."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On March 6, 2015, the trial court, Department S21, denied the petition on the ground that defendant "does not satisfy the criteria in Penal Code 1170.18 and is not eligible for resentencing."

On March 24, 2015 the trial court, Department S20, deemed the writ to be a petition for resentencing under section 1170.18 and sent it to Department S21 for further proceedings.

On April 1, 2015, defendant filed a notice of appeal, dated March 26, from the March 6 denial of his petition.

On April 3, 2015, the trial court, Department S21, denied the petition, finding defendant ineligible under section 1170.18.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

3

**DISPOSITION**

The order denying defendant's petition for resentencing under section 1170.18 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

HOLLENHORST_____

J.

CODRINGTON_____

J.

4